IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAJUAN BULLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Original Complaint |
| | ) | CIVIL ACTION FILE NO. |
| | ) | |
| | ) | (Jury Trial Demanded) |
| v. | ) | |
| | ) | |
| EXAM WORKS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Jajuan Bullock ("Plaintiff" or "Ms. Bullock") by and through her undersigned counsel of record and files this Complaint for Damages against Defendant Exam Works, Inc. ("Defendant" or "EWI") and hereby seeks damages against the Defendant for violating the Plaintiff's federal civil rights and constitutional rights and their retaliation against Plaintiff.

## NATURE OF THE ACTION

1.

This is an action brought by Plaintiff against EWI for damages for their violation of the provisions of 42 U.S.C. §1981; Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act of 1967; the Older Workers Benefit Protection Act, and Titel I of the Civil Rights Act of 1991 to correct unlawful employment practices on

1

the basis of retaliation and to provide appropriate relief to Ms. Bullock, who was adversely affected by such practices. Plaintiff alleges that EWI subjected her to unlawful discrimination based on her race, gender (female), and age. She further alleges that EWI retaliated against her after she complained of the discrimination.

## JURISDICTION AND VENUE

2.

The Court has jurisdiction over this action under 42 U.S.C. §2000e-5(f), 28 U.S.C. §1331, 1332, and 1343 as well as 29 U.S.C. §626. This action is authorized and instituted pursuant to Section 706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e ("Title VII"), and Section 102 of the Civil Rights Act of 1991. Venue is proper in this district under 42 U.S.C. §2000e-5(f).

3.

Defendant, EWI, is a foreign for-profit corporation doing business in the State of Georgia. As Defendant's agent for service resides in this district, venue is properly laid in this honorable court. Further, the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia.

## PARTIES

4.

Plaintiff, Ms. Bullock, is an adult United States citizen who at all relevant times was a resident of DeKalb County, Georgia.

5.

Defendant EWI, is a foreign limited liability company that does business in the State of Georgia. Its principal office in Georgia is located at 3280 Peachtree Road, N.E, Suite 2625, Atlanta, Georgia 30305. Defendant may be served with a copy of this Complaint at their principal office or through their registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

6.

Defendant was Plaintiff's employer within the meaning of Title VII, the ADEA, and the Older Workers Benefit Protection Act. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 of Title VII and 42 U.S.C. §2000e.

## ADMINSITRATIVE PREREQUISITES

7.

Ms. Bullock has exhausted all available administrative remedies in accordance with the aforementioned statutes prior to instituting this civil action.

She timely submitted a charge to the EEOC on August 2, 2022 (Charge No. 410-2022-07672). A Notice of the Right to Sue was issued on September 26, 2023, and Ms. Bullock received same on or about September 30, 2023.

## STATEMENT OF CLAIMS

8.

Ms. Bullock was hired to work as an account executive for EWI in October 2018. She was the first black woman hired by the company for this position. In her role as an account executive, she was responsible for managing leads with doctors from five different states. Specifically, she managed doctors who would perform independent medical examinations for patients involved in personal injury or workers' compensation litigation matters. In her position, she has a goal to make ten (10) referrals to doctors each day or two hundred (200) referrals per month.

9.

On July 19, 2022, Ms. Bullock's manager, Brian, informed her that he decided to take away two states from her territory in order to reassign them to a younger, white, male colleague. The younger, white, male colleague in question was never a manager prior to the reassignment.

10.

Following the announcement of the reassignment, Ms. Bullock informed her supervisor that the removal of the two states would take away a significant number of potential referrals. Accordingly, she requested that EWI reduce her goals by the number of referrals she would lose as a result of the reassignment. EWI refused.

11.

After EWI's refusal, Ms. Bullock informed her supervisor and EWI that she believed she was being set up to fail. She further expressed her belief that "this [was] discrimination."

12.

After she complained, EWI began monitoring Ms. Bullock's emails. She was terminated eight days later on July 27, 2022. At the time, she was not provided a reason for the termination. Later, she was informed that she allegedly violated a company policy.

CAUSES OF ACTION

COUNT I: 42 U.S. Code Section 1981

13.

Paragraphs 1-12 are repeated and incorporated herein under this Count One.

14.

Ms. Bullock is an African-American female.

15.

Defendants are white males and/or females.

16.

Under 42 U.S. Code 1981(a), "all persons…shall have the same right…to make and enforce contracts…and to the full and equal benefit of all laws and proceedings for the security of persons and properties as enjoyed by white citizens.

17.

Plaintiff had a contract of employment with respect to her position with EWI. Defendant forcibly suspended her from that position because of her race.

18.

EWI violated 42 U.S. Code Section 1981.

19.

Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to a reasonable allows for attorney's fees as part of her costs.

# COUNT II: DISPARATE TREATMENT ON THE BASIS OF RACE UNDER TITLE VII

20.

Paragraphs 1-19 are repeated and incorporated herein by reference under this Count Two.

21.

Plaintiff, Ms. Bullock, is African-American. She is a member of a protected class. At all relevant times, Ms. Bullock was qualified to retain the position of account executive manager. She was also qualified to cover the five states originally assigned as her territory. Despite her qualifications, Ms. Bullock's territories were reassigned. Thereafter, she was terminated from the position. Shortly before her termination, a signification portion of Ms. Bullock's territories were reassigned to a younger, white, male with less experience.

22.

As a direct and proximate cause of the above-described unlawful employment practices, Plaintiff suffered the indignity of retaliation, emotional pain, mental distress, inconvenience, and mental anguish. Plaintiff is entitled to

attorney's and witness' fees, costs, and other compensatory and punitive damages pursuant to Title VII.

## COUNT III: DISPARATE TREATMENT ON THE BASIS OF GENDER UNDER TITLE VII

23.

Paragraphs 1-22 are repeated and incorporated herein under Count Three.

24.

Plaintiff, Ms. Bullock, is a female. She is a member of a protected class. At all relevant times, Ms. Bullock was qualified to retain the position of account executive manager. She was also qualified to cover the five states originally assigned as her territory. Despite her qualifications, Ms. Bullock's territories were reassigned. Thereafter, she was terminated from the position. Shortly before her termination, a signification portion of Ms. Bullock's territories were reassigned to a younger, white, male with less experience.

25.

As a direct and proximate cause of the above-described unlawful employment practices, Plaintiff suffered the indignity of retaliation, emotional pain, mental distress, inconvenience, and mental anguish. Plaintiff is entitled to

attorney's and witness' fees, costs, and other compensatory and punitive damages pursuant to Title VII.

COUNT IV:  AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

26.

Paragraphs 1-25 are repeated and incorporated herein under Count Four.

27.

Plaintiff, Ms. Bullock, is 50 years old. At the time of the discriminatory acts committed by Defendant, EWI, Ms. Bullock was 49 years old.  Plaintiff is a member of a protected class as she is over the age of 40. Ms. Bullock was qualified to retain the position of account executive manager. She was also qualified to cover the five states originally assigned as her territory. Despite her qualifications, Ms. Bullock's territories were reassigned.  Thereafter, she was terminated from the position.  Shortly before her termination, a signification portion of Ms. Bullock's territories were reassigned to a younger, white, male with less experience.

28.

As a direct and proximate cause of the above-described unlawful employment practices, Plaintiff suffered the indignity of retaliation, emotional pain, mental distress, inconvenience, and mental anguish.  Plaintiff is entitled to

attorney's and witness' fees, costs, and other compensatory and punitive damages pursuant to the ADEA.

## COUNT V:  RETALIATION (TITLE VII and ADEA)

29.

Paragraphs 1-28 are incorporated herein under Count Five.

30.

Plaintiff, Ms. Bullock, engaged in a protected activity when she complained to Defendant, EWI, about their discriminatory actions in reassigning two states from her territory to a younger, white, male with less experience.

31.

After Plaintiff complained of the discriminatory actions, Defendant EWI took materially adverse employment actions against her by monitoring her email and subsequently terminating her.

32.

Defendant EWI's adverse employment actions against Plaintiff were the direct result of Plaintiff's complaints of discrimination.

33.

Plaintiff suffered damages because of Defendant's actions against her. There are no legitimate non-retaliatory reasons for the Defendant's treatment of Plaintiff.

34.

As a direct and proximate cause of the above-described unlawful employment practices, Plaintiff suffered the indignity of retaliation, emotional pain, mental distress, inconvenience, and mental anguish.  Plaintiff is entitled to attorney's and witness' fees, costs, and other compensatory and punitive damages pursuant to Title VII and the ADEA.

35.

All conditions precedent to bringing this Count were completed and/or waived.

### COUNT VI:  ATTORNEY'S FEES AND COSTS

36.

Paragraphs 1-35 are repeated and incorporated herein under Count Six.

37.

The misfeasance and wrongful conduct of Defendant evidence such bad faith, vexatiousness, stubborn litigiousness and was carried out with such conscious and reckless disregard of the rights of Plaintiff that such conduct on the part of Defendant entitles Plaintiff to recover her reasonable costs and expenses, including, but not limited to, attorneys' fees, incurred in connection with this action.

38.

Plaintiff is therefore entitled to recover her reasonable attorneys' fees and other costs pursuant in an amount to be proved at the time of trial.

39.

Plaintiff is also entitled to attorneys' fees and other costs of litigation pursuant to the Title VII as provided in 29 U.S.C. § 2617.

40.

All conditions precedent to bringing this Count have been completed, performed and/or waived.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests from this Court:

(a) That Plaintiff have judgment against Defendant on all counts, in an amount to be determined at trial;

(b) That Plaintiff be awarded back pay and compensation for lost benefits of employment, to the extent awardable under the Counts set forth above;

(c) That Plaintiff recover compensatory damages in an amount reasonable and commensurate with the economic loss suffered as a result of Defendant's retaliation and the pain and emotional distress imposed upon her by Defendant's intentionally retaliatory acts and all other sums and relief to which Plaintiff is entitled;

(d) That Plaintiff recover pre-judgment interest from Defendant;

(e) That Plaintiff recover post-judgment interest from Defendant;

(f) That Plaintiff recover from Defendant her attorneys' fees and costs incurred in bringing this action;

(g) That this Court enjoin Defendant from any further retaliatory and unlawful conduct;

(h) That a jury trial be had as to all issues in this Complaint; and

(i) For all such other and further relief as is deemed just and proper by this Court.

Respectfully submitted this 26th day of December 2023.

/s/ Veronica L. Richardson
Richardson Law, LLC
Attorney for Plaintiff
Georgia Bar No. 351120
1000 Parkwood Circle, Suite 350
Atlanta, GA 30339
Tel: (404) 689-6502
Fax: (404) 420-2546

## **FONT CERTIFICATION**

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiffs hereby certifies that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 26th day of December, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.

/s/ Veronica L. Richardson